# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-CR-80-TLS |
| | ) | |
| PRESTON R. CRAIG | ) | |

## OPINION AND ORDER

This matter is before the Court on the parties' Agreed Motion Regarding Resolution of Sentencing Issues [ECF No. 68], filed on March 6, 2015. The Motion was filed in anticipation of the Court sentencing Defendant Preston R. Craig for maintaining drug-involved premises, a violation of 21 U.S.C. § 856(a)(2). For the reasons stated in this Opinion and Order, the Agreed Motion is granted.

## BACKGROUND

On November 20, 2013, the Government filed a four-count Indictment [ECF No. 22], charging the Defendant with possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1) (Count 1); maintaining drug-involved premises, a violation of 21 U.S.C. § 856(a)(2) (Count 2); possession of a firearm in furtherance of the charged drug offenses, a violation of 18 U.S.C. § 924(c) (Count 3); and possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1) (Count 4). On September 29, 2014, the Defendant entered a plea of guilty to Count 2, to which the Court adjudged him guilty on October 15, 2014.

The United States Probation Officer prepared a Presentence Investigation Report (PSR) for the Court. According to the PSR, law enforcement conducted surveillance at a residence where suspected illegal drug activity was occurring. Upon execution of a search warrant at the

residence, law enforcement found the Defendant—the only person located at the residence—along with illegal drugs, a firearm, and ammunition. The PSR contains the following description of the search:

> During the search of the house, officers located a Smith and Wesson pistol, model SW40VE, .40 caliber, with serial number DVN5691. This firearm was found in the unfinished wall in the furnace room in the kitchen. The firearm was loaded with a round of ammunition in the chamber, and the firearm was located near the doorway with the handle pointing up for apparent quick access. Detectives also located a bag containing approximately 831.4 grams of a substance that field tested positive for the presence of cocaine on the floor in the furnace room just past the area where the firearm was located. In the pantry area, which was located near the furnace room in the kitchen, detectives located three more baggies of suspected cocaine on the upper ledge of the area framing the pantry, with these items having a combined approximate weight of 60.7 grams and field testing positive for the presence of cocaine. Also located in a cupboard of the kitchen was a small Ziploc bag that contained a small amount of a rock-like substance that field tested positive for the presence of cocaine. A Pyrex measuring cup with white residue that field tested positive for the presence of cocaine and two digital scales were also located in the kitchen. There were also multiple baggies located in the living room that contained suspected marijuana and that field tested positive for the presence of THC. A Crown Royal bag containing ammunition was located on the speaker in the living room. (PSR ¶ 12.)

The Guidelines assign 24 levels as the base offense level for the Defendant's offense. U.S.S.G. § 2D1.1(c)(8). The probation officer added 2 levels to the Defendant's offense level for possession of a dangerous weapon, U.S.S.G. § 2D1.1(b)(1), and 2 levels for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, U.S.S.G. § 2D1.1(b)(12), resulting in an adjusted offense level of 28. The offense level was lowered by 3 levels for acceptance of responsibility and for assisting authorities in the investigation or prosecution of the Defendant's own misconduct, U.S.S.G. § 3E1.1(a–b), resulting in a total offense level of 25. Based on the Defendant's offense level of 25 and criminal history category of III, the PSR calculated a guideline range of 70–87 months of imprisonment.

The Defendant lodged two objections to the PSR. First, he objected to the enhancement for possessing a dangerous weapon, arguing that he was unaware of the firearm and that the firearm may have belonged to his brother. Second, he objected to the enhancement for maintaining premises for the purpose of manufacturing or distributing a controlled substance. Upon request of the parties, the Court scheduled an evidentiary hearing to resolve the pending objections. The Court vacated the hearing after the parties filed the Agreed Motion Regarding Resolution of Sentencing Issues [ECF No. 68]. In their Agreed Motion, the Defendant and the Government stipulate that only the enhancement for possessing a dangerous weapon applies here. If the Court accepts the Agreed Motion, the Defendant's total offense level will be 23 and the guideline range will be 57–71 months of imprisonment. The Government agrees to recommend the low-end of the advisory guideline range, and the Defendant agrees that no grounds exist to support a variance under 18 U.S.C. § 3553(a).

## ANALYSIS

A district court's duties at sentencing are twofold: first, the court must correctly calculate the applicable guideline range; second, it must make an individualized assessment of the defendant, in light of the sentencing factors listed in 18 U.S.C. § 3553(a), to arrive at a reasonable sentence and adequately explain the chosen sentence to allow for meaningful review. *Gall v. United States*, 552 U.S. 38 (2007); *see also United States v. Farmer*, 543 F.3d 363, 375 (7th Cir. 2008) ("Although the Guidelines are advisory, a district court must accurately calculate and consult the defendant's Guidelines range.").

A stipulation is a contract between two parties to agree that a certain fact is true.

*Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 453 (7th Cir. 2005). The parties' agreements with regard to the Defendant's pending objections to the PSR involve combined questions of law and fact. The Court will address each agreement in turn.

A.     Weapon Enhancement

The sentencing guidelines provide a two-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1) (parentheses in original). Application Note 11(A) to § 2D1.1 provides that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Further, when a weapon is found in "close proximity" to illegal drugs, the weapon is presumed "to have been used in connection with the drug trafficking offense." *United States v. Souffront*, 338 F.3d 809, 833 (7th Cir. 2003). The government bears the initial burden of proving by a preponderance of the evidence that the defendant possessed a weapon in a place where drugs were present. *United States v. Idowu*, 520 F.3d 790, 793 (7th Cir. 2008); *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001).

Here, during their search of the residence, law enforcement officers found a loaded firearm, which, according to the PSR, was "located near [a] doorway with the handle pointing up for apparent quick access," (PSR ¶ 12), and within the kitchen of the residence—the same area where the officers located illegal drugs. Furthermore, the officers not only located the Defendant, but also several items identifying the Defendant, including an Indiana identification card, a family photograph that included the Defendant, and some "gambling paperwork" containing the Defendant's name. (*Id*.) Following his arrest, the Defendant made several calls from jail

referencing items in the residence belonging to him, including shoes, a wallet, furniture, and a television. Additionally, the utility account for the residence was in the Defendant's name. Thus, given the firearm's close proximity to the illegal drugs, coupled with the Defendant's apparent association with the residence, strong evidence exists that the firearm was used in connection with the illegal drug activity and that the Defendant exercised control over the firearm. *See United States v. Johnson*, 227 F.3d 807, 814 (7th Cir. 2000) (finding that an enhancement under § 2D1.1 is "appropriate for simple, and entirely passive, possession of a firearm") (internal quotation and citation omitted); *see also Idowu*, 520 F.3d at 793 (explaining that proof of constructive possession, that is, that the defendant had the power and intention to exercise dominion or control of the firearm, is sufficient to warrant the enhancement).

Once the Government meets its initial burden, the Defendant "must demonstrate that it was clearly improbable that the weapon was connected to the offense." *United States v. Martin*, 287 F.3d 609, 617 (7th Cir. 2002) (internal quotation marks and citations omitted). As an example of clear improbability, Application Note 11(A) to § 2D1.1(b)(1) states that "the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." *See also United States v. Grimm,* 170 F.3d 760, 767–68 (7th Cir. 1999) (holding that it was not "clearly improbable" that a weapon was used in connection with a drug offense even though the gun was not found in a place where drugs were present but was found in a car that had been used to transport a shipment of drugs six weeks earlier). Given the factual record, as described above, the Court finds that a showing of clear improbability has not been made. Accordingly, a two-level enhancement under § 2D1.1(b)(1) is appropriate. The Court accepts the parties' stipulation on this point.

5

**B.     Drug Premises Enhancement**

Pursuant to Guideline § 2D1.1(b)(12), the offense level is increased by two levels if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." Application Note 17 to § 2D1.1 provides that the enhancement "applies to a defendant who knowingly maintains a premises . . . for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." Additionally, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.*; *see also United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012) (holding that enhancement applies when a defendant uses the premises for the purpose of substantial drug trafficking activities even if the premises is also the family home)

Although neither party expressly articulates a rationale as to why the enhancement should or should not apply, the Agreed Motion cites *United States v. Ortiz*, which found that an enhancement under § 2D1.1(b)(12) did not apply because insufficient evidence existed that the defendant used the premises for illicit drug activity over a "sustained period of time." 807 F.Supp.2d 746, 749 (N.D. Ill. 2011); *see also United States v. Sanchez*, 710 F.3d 724, 731 (7th Cir. 2013), *vacated on other grounds*, 134 S. Ct. 146 (2013) (noting that a sentencing court considering the enhancement should look to both the frequency in which prohibited uses occurred on the premises and whether those uses were significant in scope to determine whether the prohibited purpose can be fairly described as a "primary or principal" use of the premises). The Court notes the limited time period involved in this offense—between October 23 and

6

October 25 of 2013—as referenced in the PSR. (PSR ¶¶ 9, 20.) The Court further notes the Defendant's admission as to maintaining the residence for the "purpose of unlawfully distributing cocaine" during this time period. (PSR ¶¶ 9, 20.) In light of the limited duration of the Defendant's offense, the Court agrees that a two-level enhancement under § 2D1.1(b)(12) is not warranted here.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Agreed Motion Regarding Resolution of Sentencing Issues [ECF No. 68]. The Court DIRECTS the probation officer to revise the PSR in accordance with the parties' stipulation and the Court's Opinion and Order. The Court CONFIRMS the sentencing date of April 15, 2015, at 11:00 AM.

SO ORDERED on April 9, 2015.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT